IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| ANN TIFFIN COWDEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL ACTION 11-0112-WS-N |
|  | ) |  |
| WACHOVIA SECURITIES, etc., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER**

This matter is before the Court on the defendants' supplemental motion to compel arbitration and for stay pending arbitration. (Doc. 21). The Court denied a previous iteration of this motion filed by Wachovia Securities ("Wells Fargo"), (Doc. 3), due in part to an erroneous understanding that the complaint asserted no claim for breach of contract. (Doc. 7). Rather than seek reconsideration of that order,[1] Wells Fargo filed a notice of appeal, (Doc. 8), which appeal remains pending.

"The filing of a notice of appeal generally confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *In re: Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (internal quotes omitted). Wells Fargo's pursuit of an appeal would appear to deprive this Court of jurisdiction to consider the defendants' supplemental motion to compel arbitration. Accordingly, the motion is **denied**, without prejudice to the defendants' ability to file a

---

[1] A motion to reconsider is available to correct clear error. *E.g., Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). The Court has allowed reconsideration, for example, when it erroneously stated that the movant had failed to make a particular argument it had in fact asserted. *Dyas v. City of Fairhope*, 2010 WL 5477754 at *1 (S.D. Ala. 2010).

[1]

properly supported motion demonstrating the existence of jurisdiction to entertain the motion.

DONE and ORDERED this 16th day of May, 2011.

                                            s/ WILLIAM H. STEELE
                                            CHIEF UNITED STATES DISTRICT JUDGE